# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK VALLES, | Case No. 1:13-cv-00713-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 |
| v. | |
| LISA GREEN, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff Frank Valles, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 15, 2013. Plaintiff is a pretrial detainee at Kern County Lerdo Pretrial Facility in Bakersfield, California. Plaintiff is charged with murder and he alleges that in April, Deputy District Attorney Ken Green and his investigator, Stevenson, came to the jail with a tape recorder and recorded an interview with Plaintiff. Plaintiff alleges that Defendant Green was very angry, pointing his finger at Plaintiff and shouting at him. Plaintiff alleges that Defendant Green admitted to many issues with the case, stated that he knew there was no premeditation, and threatened Plaintiff with additional charges. Plaintiff seeks redress for the "illegally" recorded conversation and the threats. (Comp., § IV.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's allegations do not give rise to any claims for relief under section 1983, because the events described do not rise to the level of a constitutional or other federal violation.  *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Specifically, Defendant Green is entitled to prosecutorial immunity concerning decisions about the initiation of criminal charges, and Plaintiff's claim that his rights were violated over a threat to bring additional charges fails as a matter of law.  *Heinemann v. Satterberg*, 731 F.3d 914, 918 (9th Cir. 2013) (citing *Imbler v. Pachtman*, 424 U.S. 409, 421-24, 96 S.Ct. 984 (1976)).  Further, the tape recording of the interview between Plaintiff and Defendants Green and Stevenson, which occurred openly, did not violate Plaintiff's rights.  *See Lanza v. New York*, 370 U.S. 139, 143-44, 82 S.Ct. 1218 (1962) (no reasonable expectation of privacy in jail visiting room); *U.S. v. Van Poyck*, 77 F.3d 285, 290-91 (9th Cir. 1996) (no expectation of privacy in outgoing jail calls).

Given the bases for Plaintiff's claims, the deficiencies are not capable of being cured through amendment, *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).  Therefore, this action is ORDERED DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under section 1983, 28 U.S.C. § 1915A.  The dismissal of this action qualifies as a strike under 28 U.S.C. § 1915(g).  *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   **December 6, 2013**                    /s/ Sheila K. Oberto
                                                   UNITED STATES MAGISTRATE JUDGE